# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE PARKER, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC.; JOHN DOE I through JOHN DOE VI, fictitious names, jointly, severally and/or in the alternative, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. <br> : <br> : <br> : <br> : <br> : |

## NOTICE OF REMOVAL

TO: CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendants, Walmart, Inc., ("Defendant"), by and through its undersigned counsel, hereby gives notice of its removal of the case styled *Rose Parker v. Walmart, Inc., John Does #1-6, jointly, severally and/or in the alternative,* originally filed in the Superior Court of New Jersey, Law Division, Atlantic County at Case No. ATL-L-000531-21, to the United States District Court for the District of New Jersey. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the properly served Defendant satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support thereof, Defendants aver as follows:

## THE STATE COURT COMPLAINT

1. On or about February 7, 2021, Plaintiff initiated an action by filing a complaint in the Superior Court of New Jersey, Law Division, Atlantic County against Walmart, Inc., and unknown individuals. A copy of the Complaint is attached as Exhibit A.

2. Service was not effectuated until July 6, 2021.

3. The Complaint alleges six (6) causes of action arising out of a February 27, 2019 incident in which Plaintiff consumed a glass of prune juice and became ill the next day. Ex. A ¶¶ 7-9.

4. The prune juice was purportedly purchased from a Walmart Store located at 6801 Black Horse Pike, Williamstown, New Jersey, 08094. Ex. A ¶ 1.

5. Plaintiff alleges various claims predicated in negligence, product and manufacturing defects, and breach of warranties of safety, merchantability, and fitness. Ex. A.

## DIVERSITY JURISDICTION

6. Under 28 U.S.C. §1332 (a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

7. Under 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded.

8. This action satisfies the complete diversity requirement of 28 U.S.C. §1332(a)(1).

9. Upon information and belief, Plaintiff is a citizen of New Jersey residing at 6821 Black Horse Pike, Unit 805, Egg Harbor Township, New Jersey 08234.

10. The named defendants are Walmart, Inc., and John Does #1-6.

11. Walmart, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas.

12. Complete diversity exists where Plaintiffs are citizens of the State of New Jersey and Defendants, are citizens of another state (in this case, the states of Delaware and Arkansas).

13. This action also satisfies the amount in controversy requirement of 28 U.S.C. §1332(a).

14. The sum demanded in the Complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1146(c)(2)(A)(ii).

15. According to the Complaint, Plaintiff seeks judgment against Defendant "for damages, cost of suit, interest and attorney's fees…" for severe and permanent damages. Plaintiffs further aver punitive damages against the Defendants for, among other things, pain and suffering, loss of earning capacity, and loss of enjoyment. *See* Ex. A.

16. Based on Plaintiff's allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000, exclusive of interests and costs.

## **REMOVAL JURISDICTION**

17. This action is properly removed pursuant to 28 U.S.C. §1441 and 1446.

18. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such is pending." *See* 28 U.S.C. § 1441(a). Section 1441(b) further provides

that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *Id.* §1441(b).

19. Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Atlantic County. The District of New Jersey is the judicial district embracing Atlantic County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. *See* 28 U.S.C. §§1441(a), 1446(a).

20. Under Section 1446(b), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. §1446(b).

21. Plaintiffs effectuated service of the Complaint on Walmart, Inc. on July 6, 2021.

22. Defendants are filing this notice within thirty (30) days of service of the Complaint pursuant to 28 U.S.C. § 1446 (c). Therefore, this removal is timely because thirty (30) days have not elapsed from the date of service of the Complaint.

23. Counsel for the undersigned has been retained to represent Walmart, Inc. in this action, and has conferred with Walmart, Inc. concerning removal. Pursuant to Section 1446(b)(2)(A), Defendant Walmart, Inc. consents to removal.

24. Pursuant to Section 1446(a), Defendants are simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Superior Court of New Jersey, Law Division, Atlantic County in this removed action.

25. Additionally, Defendants are filing a copy of this notice of removal with the Prothonotary of the Superior Court of New Jersey, Law Division, Atlantic County. *See* U.S.C. §1441 (d).

26.     Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants hereby remove this action now pending against it in the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court for the District of New Jersey.

                                          COZEN O'CONNOR

                                  By: _____
                                      Paul K. Leary, Jr. (ID#008841999)
                                      Benjamin I. Wilkoff (ID#082832019)
                                      Liberty View, Suite 300
                                      457 Haddonfield Road
                                      Cherry Hill, NJ 08002
                                      (856-910-5000)
                                      PLeary@cozen.com
                                      BWilkoff@cozen.com
                                      *Attorneys for Defendant,*
                                      *Walmart, Inc.*

Dated:  August 5, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal was served on counsel for Plaintiff via Federal Express on August 5, 2021, addressed as follows:

Jerry C. Goldhagen, Esquire
Central Park East
222 New Road, Suite 302
Linwood, NJ 08221
*Attorney for Plaintiff*

COZEN O'CONNOR

_____
Paul K. Leary, Jr., Esquire