# Exhibit A

JERRY C. GOLDHAGEN
Attorney At Law
Central Park East
222 New Road, Suite 302
Linwood, New Jersey 08221
Telephone 609-927-9227 / Facsimile 609-927-9233
Attorney for Plaintiff

| | |
|---|---|
| ROSE PARKER<br><br>                    Plaintiffs<br>     -vs-<br><br>WALMART INC; JOHN DOE I through JOHN DOE VI, fictitious names, jointly, severally and/or in the alternative,<br><br>                    Defendants | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>Docket No.: ATL-L-_____-21 |

## CIVIL ACTION

## COMPLAINT & JURY DEMAND

Plaintiff, Rose Parker,) residing at 6821 Black Horse Pike, Unit 805, Egg Harbot Township NJ 08234, by way of Complaint against the Defendants, Walmart Inc and John Doe I through John Doe VI, fictitious names, jointly, severally and/or in the alternative, says:

## FIRST COUNT

1. On or about February 17, 2019, Plaintiff was a customer and business invitee at the Walmart store located at 6801 East Black Horse Pike, Egg Harbor Township, Atlantic County, New Jersey.

2. At all times aforementioned and pertinent hereto the Defendant Walmart Inc was the owner and operator of the aforementioned Walmart store (hereinafter referred to as Defendant Walmart).

3. At the time and place aforementioned, plaintiff purchased a large plastic bottle of prune juice, for cash payment.

4. At the time and place aforementioned, a Walmart employee helped plaintiff locate this Prune juice product for sale in the Walmart store.

5. The prune juice product was sold and distributed by Walmart, and was labeled as such.

6. Plaintiff took the unopened prune juice product home without opening or drinking from it, and placed it in her pantry.

7. On or about February 27, 2019 plaintiff opened the prune juice container, poured a glass of the prune juice, and drank it.

8. During that night plaintiff felt severely ill, sick to her stomach, with sweats, shivers, nausea, headache, and severe stomach cramping.

9. On February 238, 2019, plaintiff still felt severely ill, was weak, cramping, bloated, nauseous, felt like vomiting, and had a red tinge in her urine.

10. Plaintiff could not hold down any solid food, but not realizing then what caused her to be ill, she she opened the prune juice container again, poured another glass, but then noticed for the first time strange particles floating on the top of the liquid, so she did not drink the juice.

11. Plaintiff poured out the juice from the glass, and noticed it left a strange residue all over the glass interior.

12. Plaintiff then looked into the prune juice continer and it had the same particles, and residue, and looked spoiled.

13. Plaintiff then checked the expiration date on the container cap, which stated it expired on October 13, 2018, over four months before she purchased it at Walmart.

14. Although still sick, and seeking medical attention, plaintiff went to the Walamrt store, with the prune juice container and cap with the remaining spoiled juice in it, and reported what

occurred to a Walmart employee who took her information, photographed the container, juice and cap, completed an incident report, and gave plaintiff claim number 8741366'

15. At all times referred to herein, agents, servants, and employees of Defendant had a duty to store, inspect, and sell the prune juice product that plaintiff purchased and consumed such that it was not in an expired, spoiled, contaminated, defective, dangerous and unfit condition for its normal and intended use and consumption by business invitees and customers, such as Plaintiff.

16. At all times mentioned herein and relevant hereto, Defendant, through its agents, servants and employees, was negligent, which negligence included the following, without limitation:

(a) In negligently inspecting the subject product, container, and expiration date before its sale to customers such as Plaintiff;

(b) In negligently failing to remove the product from the sales shelf before it was sold to customers such as Plaintiff;

(c) In negligently displaying and storing the subject product for sale to customers such as Plaintiffs;

(d) In negligently failing to warn customers such as Plaintiff of the defective and unreasonably dangerous condition of the prune juice product;

(e) In negligently purchasing one or more of the components of the subject product and container from unknown third parties and failing to insure that those third parties properly and safely obtained, inspected, and transported the product and container on a timely and proper basis for sale to business invitees such as Plaintiff;

(f) In carelessly hiring, training and supervising those agents, servants and employees of the Defendant charged with all of the duties in regard to the inspection, storage, display and sale of the product.

(g) In violating the various statutes, ordinances, regulations and other standards of the Federal, State and Local Government entities, and their various subdivisions and agencies, pertaining to the obtaining, preparation, cleaning, inspection, transporting, packaging, storing, displaying, and selling of the subject product to customers such as Plaintiff, including but not limited to NJSA 12A:2-314; NJSA 24:5-1 to 15; and NJSA 2A:51(c)1(b)3.

(h) In carelessly failing to detect and prevent the contamination and defective nature of the product sold and served to Plaintiff; and

(i) In otherwise conducting themselves in an unreasonable, careless and negligent manner.

9. Plaintiff did not know, nor did they have reason to know, of the defective and contaminated condition of the prune juice before she drank it.

10. Plaintiff did not cause the contaminated or defective condition of the product.

11. As a direct and proximate result of the aforementioned negligent conduct of the Defendant, Plaintiff sustained injuries as aforementioned, causing her to sustain severe, permanent and painful bodily and psychological injuries, causing her to endure and in the future will endure severe emotional and physical pain and suffering, and phobias, causing her to spend and in the future will spend large sums of money for medical treatment, causing her to be unable and in the future will be unable to attend to her normal duties, activities, occupations, and relationships.

WHEREFORE, Plaintiff, Rose Parker, demands Judgment against the Defendant, Walmart Inc, for damages, costs of suit, interest, attorney's fees, and such other relief as allowed by law.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count as if set forth fully herein.

2. Defendant through its agents, servants and employees, sold, served, retailed and otherwise placed in the stream of commerce for purchase and consumption by and foreseeable users, including Plaintiffs, the subject product as aforementioned.

3. The subject product was in a defective and dangerous condition for its normal and intended use when it was sold and served to the Plaintiff as aforementioned.

4. The Defendant is liable to the Plaintiff for damages by virtue of strict liability in tort.

5. The Defendant is strictly liable to the Plaintiff, pursuant to the New Jersey Product Liability Act.

6. The Defendant is strictly liable to the Plaintiff pursuant to its breach of NJSA 12A:2-314.

7. The Defendant is strictly liable to the Plaintiff pursuant to NJSA 24:5-1 to 15.

8. The Defendant is strictly liable to the Plaintiff pursuant to its breach of NJSA 2A:51(c)1(b)3.

WHEREFORE, Plaintiff, Rose Parker, demands Judgment against the Defendant, Walmart Inc, for damages, costs of suit, interest, attorney's fees, and such other relief as allowed by law

## THIRD COUNT

1. Plaintiff repeats the allegations of the first two Counts as if set forth fully herein.

2. Defendant impliedly and expressly warranted that the subject product was fit for its ordinary and intended use for purchase and consumption by members of the public such as Plaintiff.

3. The Defendant displayed, served and sold the subject product to Plaintiff with implied warranties of merchantability, and fitness for a particular purpose pursuant to common-law

and the New Jersey Uniform Commercial Code NJSA 12A:2-314; and NJSA 24:5-1 to 15; and NJSA 2A:51(c)1(b)3.

4. The Defendant breached express and implied warranties of safety, merchantability, and fitness for a particular purpose to the Plaintiff, and the aforementioned statutes, which resulted in said subject product being in a defective and unfit dangerous condition for consumption by Plaintiff as aforementioned.

5. As a direct and proximate result of the Defendant's breach of warranties, Plaintiff was caused to sustain injuries and damages and losses as aforementioned.

WHEREFORE, Plaintiff, Rose Parker, demands Judgment against the Defendant, Walmart Inc, for damages, costs of suit, interest, attorney's fees, and such other relief as allowed by law

## FOURTH COUNT

1. Plaintiff repeats the allegations of the first three Counts as if set forth fully herein.

2. Defendants, John Doe I through John Doe VI are unknown persons, associations, partnerships or corporations.

3. Although Plaintiff has made a diligent inquiry, the actual identity of Defendants John Doe I through John Doe VI are unknown to the Plaintiff and accordingly are designated by fictitious names.

4. At all times relevant herein, Defendant, John Doe I and John Doe II were persons or entities who displayed, prepared distributed for sale and consumption to Defendant, Walmart, one or more components of the subject product and container sold to Plaintiff which were expired, spoiled, defective, dangerous and unfit for their intended and foreseeable use for customers such as Plaintiff, as aforementioned.

9. As a direct and proximate result of the aforementioned negligence and wrongful conduct of the Defendants, John Doe I through John Doe VI, Plaintiff sustained injuries, damages and losses as aforementioned.

WHEREFORE, Plaintiff, Rose Parker, demands Judgment against the Defendants, Walmart Inc, Inc. , and John Doe I through John Doe VI, jointly, severally and/or in the alternative, for damages, costs of suit, interest, attorney's fees, and such other relief as allowed by law.

### FIFTH COUNT

1. Plaintiffs repeat the allegations of the first four Counts as if set forth fully herein.

2. The Defendants' aforementioned negligent and wrongful conduct was committed with knowing, conscious, wanton, willful and deliberate disregard for the rights and safety of customers including Plaintiff.

3. The Defendants' aforementioned conduct constituted an extreme, outrageous, grossly negligent, and reckless disregard for the rights and safety of customers such as Plaintiff.

WHEREFORE, Plaintiff, Rose Parker, demands Judgment against the Defendants, Walmart Inc, Inc. , and John Doe I through John Doe VI, jointly, severally and/or in the alternative, for compensatory and punitive damages, costs of suit, interest, attorney's fees, and such other relief as allowed by law.

### SIXTH COUNT

1. Plaintiffs repeat the allegations of the first five Counts as if set forth fully herein.

2. The subject product was "merchandise" as that term is defined by the Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq..

3. Defendants are merchants within the meaning of the Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq..

4. Plaintiff purchased the adulterated, contaminated and/or defective product from the Defendants.

5. Plaintiff used and consumed the subject prune juice product for its normal and intended and reasonable foreseeable purpose, as she simply drank it.

6. Defendants violated the Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq., in the following manner:

(a) Defendants engaged in unconscionable commercial practices, through deception, fraud and making false promises and misrepresentations, including but not limited to, marketing and promoting the defective product as otherwise safe for consumption and its iintended uses, and without full and adequate disclosure of the underlying facts which rendered such statements false and misleading.

(b) Defendants used and employed deception, fraud, false pretenses, false promises and misrepresentations in the following manner:

1. Failure to disclose the knowledge of the hazard and risk posed by the use of the defective expired product; and

2. Downplaying and misunderstanding the health hazards and risks associated with the use of the defective product.

(c) In connection with the sale, advertising and marketing of the subject product, Defendants engaged in knowing concealment, suppression and omission of material facts regarding the risk and hazards created by the use of the defective product, such as Plaintiff.

7. The aforementioned promotion and service and sale of the subject contaminated product into the stream of commerce for the Plaintiff to purchase constitutes an unconscionable commercial practice, deception, false pretense, misrepresentation or knowing concealment,

suppression or omission in connection with the sale or advertisement of such merchandise by Defendants in violation of the Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq..

8. Defendants' actions in connection with the manufacture, distribution, marketing and preparation and sale of the defective product as set forth prior hereto evidence a lack of good faith, honesty and fact, and observance of the fare dealings and constitute unconscionable commercial practices in violation of the Consumer Fraud Act, N.J.S.A. 56:8-2, et. seq..

9. As a result of Defendants violation of the Consumer Fraud Act by use or employments of the use or methods, acts or practices described herein, Plaintiff has suffered the losses, injuries and damages aforementioned.

10. As a direct and proximate result of Defendants' unconscionable commercial practices, including knowing, concealment and fraudulent misrepresentations, Plaintiff suffered injuries, damages and losses aforementioned.

11. The foregoing knowing concealment and fraudulent misrepresentations by Defendants constitute a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq., entitling Plaintiff to recover attorney's fees and actual and statutory damages, and treble damages.

WHEREFORE, Plaintiff, Rose Parker, demands Judgment against the Defendants, Walmart Inc, Inc. , and John Doe I through John Doe VI, jointly, severally and/or in the alternative, for compensatory and punitive damages, treble damages, costs of suit, interest, attorney's fees, and such other relief as allowed by law.

## JURY DEMAND

A trial by jury is hereby demanded on all issues.

Dated: 2/17/21

BY: _____
JERRY C. GOLDHAGEN, ESQUIRE
Attorney for Plaintiff

## CERTIFICATION

I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named Plaintiff. The matter in controversy in this case is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. There are no other parties who should be joined in this action, except for specifically designating those Defendants presently designated by fictitious names.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BY: _____
JERRY C. GOLDHAGEN, ESQUIRE
Attorney for Plaintiff

DATED:

## DEMAND PURSUANT TO R. 1:5-1(a) and R. 4:17-4(c)

TAKE NOTICE that the undersigned attorney, counsel for these Plaintiff, does hereby demand, pursuant to R. 1:5-1(a) and R. 4:17-4(c) that each party herein serving pleadings, Interrogatories and Notices to Produce Documents and receiving answers thereto, serve copies of all such pleadings, and provide answered interrogatories received from any party, including any documents, papers, and other materials referred to therein, upon the undersigned attorney, and TAKE NOTICE that this is a continuing demand.

_____
JERRY C. GOLDHAGEN, ESQUIRE
Attorney for Plaintiff

DATED: 2-17-21

## DEMAND FOR UNIFORM INTERROGATORIES

TAKE NOTICE that the under signed attorney, counsel for Plaintiffs, does hereby demand, pursuant to R. 4:17-2 Answers to Uniform Interrogatories Form C and Form C(4), and the annexed Supplementary Interrogatories.

In regard to the Form C(4) Interrogatories, and supplementary interrogatories, and Notice to Produce Documents, the "product" referred to is the subject prune juice product, and its components, package, cap and labeling, as described in the preceding Complaint.

TAKE NOTICE that the undersigned, attorney, counsel for Plaintiff, does hereby demand, pursuant to R. 4:18-1, responses to the Notice to Produce Documents annexed to the within Complaint, as Exhibit A, within the time limits prescribed by the Rules of the Court.

BY: _____
JERRY C. GOLDHAGEN, ESQUIRE
Attorney for Plaintiff

DATED: 2-17-21

## SUPPLEMENTARY INTERROGATORIES

S1. State the name and address of the person or entity that Defendant purchased the subject product and its component parts from, and the name and address of any other person or entity in the chain of distribution of the product, until it was sold by Defendant to plaintiff.

S2. Describe in detail the date the product was sold to plaintiff, and the expiration date.

S3. State the date the product was received by Walmart at its Egg Harbor Township NJ store, and when it was first displayed for sale to customers at the store.

S4. Describe in detail all steps taken to prevent the product from being contaminated, defective, spoiled, expired or otherwise unfit for intended consumption by customers such as Plaintiff, and state the name, address, employer and job title of the person(s) who took each step when each step was taken, and attach any documentation for the steps taken and the results thereof.

S5. Did defendant receive notice of any other complaints in regard to the same type of prune juice product that it sold at the subject store, for the period of time beginning October 1, 2018 through December 31, 2019, and if so, state the name and address of the person(s) or entities who made the complaint, date of complaint the nature of the complaint, whether it resulted in a claim or lawsuit being pursued, and the name and address of any attorney involved, and attach hereto a copy of any incident reports or similar reports made as a result of the subject complaints.

S6. Describe in detail how defendant inspected and was supposed to inspect the subject product to determine if it had expired, and have it removed from sale, from the time it arrived at the store until it was sold to Plaintiff, and provide supporting documentation for the inspection and removal procedures in effect during that time, and any actual inspections performed.

S7. Describe in detail how the subject prune juice product and container and labeling looked, and smelled, and read, when plaintiff returned to the store with it.

## NOTICE TO PRODUCE

### Exhibit "A"

1. Results of any CIB check on Plaintiffs.

2. Photographs, video tapes, sound recordings, diagrams or other depictions of any persons, locations, vehicles, objects or products which involve the subject matter of this lawsuit.

3. Declaration sheet for any insurance policy covering the Plaintiffs' claims at the time of the incident which is the subject matter of this lawsuit, and the declaration sheet for any excess or umbrella coverage.

4. Any statements provided, completed, written and/or signed by the Plaintiffs, or agents, servants or employees of Plaintiffs, in any form, or any memorialization of such statements.

5. Statements of any Defendant, or their agents, servants and employees, in any form regarding the subject matter of this lawsuit, (other than statements to their attorneys).

6. Any accident, incident, security or similar form produced by Defendant, or its agents, servants or employees regarding the incident which is the subject matter of this lawsuit, including, without limitation any employee's statements.

7. Reports of any proposed expert witnesses for trial and their current resumes, and any learned treatises, or articles they may rely upon.

8. The entire contents of any investigation file or files and any other documentary material in your possession which support or relate to the allegations of Plaintiffs' Complaint (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications to and from counsel).

9. Any and all statements concerning this action, as defined by R. 4:10-2 from any witnesses including any statements from the parties herein, or their respective agents, servants or employees.

10. Any and all documents containing the name, home and business address of all individuals contacted as potential witnesses.

11. For any same or similar incidents, complaints or claims, involving the subject or similar product sold by Defendants to customers from October 1, 2018 through December 31, 2019, attach copies of any incident, accident, or similar reports, witness statements, photographs, and audio or video tapes, the caption and docket number of any resulting lawsuits.

12. Attach hereto documentation of Walmart's purchase of the subject product and the shipment they were included in, and documentation of any of the persons or entities involved in the chain of distribution, or packaging or storage of the product and its component parts and package.

13. Attach a copy of any inspection and removal from sales shelves procedures at the Walmart for this type of prune juice product in effect from October 1, 2018 through February 28, 2019.

NOTE: As to any documents claimed to be non-discoverable, state the basis for this position, and describe the document, (e.g. date, author, recipient, form, purpose, etc.), with sufficient specificity to permit Plaintiffs and the Court to determine the validity of Defendant's position.

BY: _____
JERRY C. GOLDHAGEN, ESQUIRE
Attorney for Plaintiff

DATED: 2-17-21

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000531-21**

Case Caption: PARKER ROSE VS WALMART INC.
Case Initiation Date: 02/17/2021
Attorney Name: JERRY C GOLDHAGEN
Firm Name: JERRY CRAIG GOLDHAGEN
Address: 222 NEW ROAD SUITE 302
LINWOOD NJ 082211282
Phone: 6099279227
Name of Party: PLAINTIFF : Parker, Rose
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: PRODUCT LIABILITY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Rose Parker? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
   If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/17/2021
Dated

/s/ JERRY C GOLDHAGEN
Signed